## CIRCUIT COURT OF PULASKI COUNTY

Marshall J. Lineberry

v.

Virginia Employment Commission and
Volvo GM Heavy Truck Corp.

March 17, 1995

BY JUDGE COLIN R. GIBB

This matter comes before the Court on a petition by Marshall J. Lineberry for Judicial Review of the decision of the Virginia Employment Commission and was argued by counsel on February 24, 1995.

There is very little dispute as to the facts in this case. The parties are further in agreement that there is only one significant issue before the Court, that is, whether there are mitigating circumstances that would overcome the admitted misconduct of the petitioner. The misconduct in question was the violation of rule number 9 which prohibits fighting on the Volvo plant premises.

The petitioner was an employee of Volvo GM Heavy Truck Corp. in its Pulaski plant. On the day in question, he was late to work. Apparently, the petitioner had been suffering from some back pain and at first was not going to report to work but then changed his mind and came in late.

It had been the custom in the plant for some time that when an employee was late to work that a fellow employee would dress up as a rooster and would appear at the tardy employee's work station and crow loudly and flap his arms. While the Court is certain that dressing up and playing a rooster was not within the job description of that employee, it is a role that given the totality of the circumstances was clearly sanctioned by the employer. While it is desirable to encourage employees to be on time for work, hindsight would indicate that the rooster was not a good idea. The evidence is uncontradicted that petitioner was at his work station properly performing his duties when the rooster apparently snuck up behind him and began his act, to which the petitioner in an immediate response

grabbed the rooster and in doing so violated his employer's rules against fighting.

To the Court the most important point, and the one that distinguishes this case from the cases cited in the opinion of the Commission, is that the rooster was acting in a quasi-official capacity, and while the response of the petitioner violated his employer's rule, it certainly should not have been unexpected. To the Court it appears that this incident came about as a result of inappropriate conduct on the part of the employer who by his own admission permitted the rooster to repeatedly violate several company rules. While the response of petitioner was also in violation of a company rule, it was certainly a response that should have been predictable and, in fact, was invited by provocative acts sanctioned by his employer.

Therefore, it is the opinion of this Court that there are circumstances in mitigation of the petitioner's conduct, and as such, the decision of the Commission is hereby reversed.